## No. 7734.

### J. C. THIAC ET AL. VS. AIMEE JUMONVILLE, WIFE, ETC.

Where the recorded contract made by a planter with his factor fixes the amount of the advances and supplies for which the latter shall have a privilege on the growing crop, the factor will not have a privilege on the crop for advances over and above the fixed amount, to the prejudice of a second factor having a subsequently recorded privilege on the crop.

Money of a planter in the hands of his factor will not be imputed to the payment of the privilege debt for advances subsequently made by the factor to enable the planter to make his growing crop, when the contract between them stipulates that the privilege debt should be paid out of the proceeds of the crop, and when there is a large balance due the factor for certain advances made by him and not covered by his privilege. The money of the planter will be imputed to the payment of that unsecured balance.

Where a judgment is based on two debts due by the debtor, and the two debts are carefully and separately designated in the judgment, one as an ordinary, and the other as a privilege debt, the law will impute a payment on the judgment to the extinguishment first of the privilege debt.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie, J.*

*Walter Guion* for J. C. Thiac, plaintiff and appellant.

*Guion & Folse* for Raphael Beltran, plaintiff and appellee.

---

Walter Guion, for plaintiff and appellant, contended :

First—Where the plaintiff in sequestration has no privilege the surety on his bond cannot be held, even though the property be carried away. C. P. 279, 280 ; 30 A. 522.

Second—A defendant cannot except to the jurisdiction of the court, as to person, when he has accepted the forum. 29 A. 194 ; 30 A. 891.

Third—Jurisdiction having once vested in a court, cannot be taken away by any act of defendant, or any other party. 1 N. S. 299 ; 14 L. 129 ; 19 A. 500 ; 22 A. 572.

Fourth—The court which first causes property to be seized must decide all questions of conflicting privileges on it. C. P. 126 ; 28 A. 585 ; 29 A. 315, 320.

Fifth—A third person claiming a right or lien on property sequestered

may intervene and set up his claim even after the release of the property on bond.

Sixth—Where the privilege of the first furnisher of supplies is recorded for a fixed sum, he cannot claim the proceeds of the crop after the payment of that sum, to the prejudice of a second furnisher of supplies whose privilege was subsequently recorded. 21 A. 498 ; 30 A. 1332.

Seventh—Where two separate debts are merged in a judgment a payment will not be imputed to either of the debts, but to the partial extinguishment of the judgment as an entirety.

Guion & Folse, contra.

---

The opinion of the court was delivered by

DeBlanc, J.   In 1877, *on the 16th of April*, Mr. Vives, acting as the agent of his wife, went before a notary, and—in his own words, "granted unto Raphael Beltran a special lien and general privilege and *mortgage* upon the whole of the sugar and molasses " to be made—during that year—on a plantation which she had leased, to secure the re-imbursement of promised advances, the amount of which is fixed—in the act—at precisely *eight thousand dollars*—and, in 1877, on the 27th of April, a similar privilege " was granted " to J. C. Thiac for additional advances, which were not to exceed the sum of three thousand dollars.

Those contracts were recorded on the very day they were entered into—the last one—that of the 27th of April—contains the following clause :   "It is distinctly understood that this act is—in no manner—to interfere with or impair a prior act of *mortgage* granted by Edward Vives, as agent of his wife, on the 16th of April 1877, in favor of Raphael Beltran."

Under these contracts, Beltran advanced more, Thiac less than they had respectively promised—and, in December 1877, they sued out writs of sequestration, and caused to be seized—Thiac on the 20th, and Beltran on the 29th of said month—the sugar and molasses subject to their privilege.

Defendant released on bond the sequestered effects, sent them out of the jurisdiction in which they had been seized, and disposed of them. She—thereafter—confessed judgment in favor of Beltran and Thiac, with recognition of the privilege mentioned in the acts of the 16th and 27th of April.

In May 1878—after the release on bond—the cases of the two creditors against Mrs. Vives, were cumulated *on motion of Beltran's counsel*, " in order to fix the parties' rights and rank their privileges."   This was done without objection.   In May 1879, the counsel who had applied for and obtained the order of cumulation, moved to strike it out, on

grounds which they must have abandoned, as—in their brief—they merely ask an affirmance of the judgment appealed from.

The district judge held that Beltran's privilege on the sequestered effects, is superior in rank to that of Thiac, because his contract was the first recorded. Beltran's counsel contend that—as between Mrs. Vives and that client—there existed a privilege beyond that stipulated in the act of the 16th of April, one which—in their opinion—secures, not only the promised advances, but also those—whatever may be their amount—which were needed to carry on defendant's plantation during the year 1877, and that the priority conceded by Thiac extends to all the advances made by Beltran, whether stipulated or not.

By the recordation of the act of the 16th of April, Beltran and Mrs. Vives notified the world that he would advance to her the sum of eight thousand dollars—nothing more—and she, that—to secure those specified advances—her crop was subject to a privilege in his favor—and in his turn—Beltran was notified, by the recordation of the act of the 27th of April, that—beyond the sum of eight thousand dollars—his claim for any advance made to Mrs. Vives, would—from that date—be outranked by that of Thiac. 30 A. 1332.

When, and before Mrs. Vives entered into a contract with Beltran, she had—in his hands—the sum of $1159 91, which—it is clear—formed no part of the amount which he was to advance, and that sum was properly imputed—by the creditor—to the satisfaction of the general indebtedness of Mrs. Vives, which far exceeds the stipulated loan. He was not bound to impute it to the satisfaction of exclusively the restricted claim of $8000, which—it was expressly agreed—was to be paid *out of the proceeds of the sale of the sugar and molasses,* and which—otherwise—would have been partly paid, before the date of the contract from which it sprung.

According to their contracts, the two creditors were to receive— *out of the proceeds of the sale of sugar and molasses*—Beltran eight, Thiac three thousand dollars ; and—as they have not yet received, out of those proceeds—a proportion equal to the respective advances *actually* made by them, they are still entitled, under those contracts, and in the order hereafter fixed, to a balance which, added to what they have realized from that source, shall cover the amounts of the effected advances.

Beltran has been paid—out of funds which—as between him and Thiac—were properly applied to the partial satisfaction of his claim of.................................................. $8,000 00
the sum of ........................................... 6,454 81⅖

Leaving due a balance of.............................. $1,545 18¼
which—by reason of at least the priority conceded by Thiac—must be

paid by preference to any balance due the latter, out of any money that may be recovered by the enforcement of the lien acknowledged in their favor, on the 16th, and 27th of April.

As to Thiac, he advanced to Mrs. Vives.................... $1,594 69

Received, out of the proceeds of the sale of a portion of the

    sugar and molasses............................................ 1,140 00

And, under the contract of the 27th of April, is yet entitled to   $454 69 which—as between him and Beltran—he can claim, out of the proceeds of any effects subject to the common privilege, but after satisfaction of the balance herein fixed as due to his co-creditor.

Thiac's counsel argues that he had, against Mrs. Vives, two separate debts, now merged into one judgment, which—in its very nature—became non-collectible, and not subject to execution, except as an entirety, and that—inasmuch as what he received, was paid on that judgment, that payment must be imputed, first to the interest, and then proportionally to the principal of the two debts.

In the judgment which he obtained against Mrs. Vives, the two debts are carefully and separately designated. one as being an ordinary, the other a privileged debt—and, of the two, that which—at the date of the payment—Mrs. Vives was most interested in discharging was the last mentioned. C. C. 2166 (2162); Gilbert, Codes annotés, p. 556, No. 8.

On the last pages of the brief of Beltran's counsel, they say: "A mere glance at Thiac's account will show that it is almost entirely made up of due-bills, orders, etc., given by Mrs. Vives, to her hands, and bought or paid by him." On the third page of that brief, we find the declaration that "so far as the facts are concerned, or that Beltran, or Thiac furnished the amounts claimed by them, there is no dispute." Besides, by referring to the motion which is the basis of this litigation, no doubt can be entertained that its sole object was to fix the rank of their otherwise uncontested privileges.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is amended, and Raphael Beltran's privilege on the sequestered property recognized as superior to that of Jean Charles Thiac, to the extent of fifteen hundred and forty-five dollars, eighteen and one third cents, with legal interest thereon from the 29th of December 1877 ; and—beyond that amount—that Jean Charles Thiac be paid—by preference to Raphael Beltran, and out of any proceeds of the sequestered effects, the sum of four hundred and fifty-four dollars and sixty-nine cents, with legal interest from the 20th of December, 1877. The costs of the appeal to be paid by Raphael Beltran.

It is further ordered, adjudged and decreed that—as thus amended—said judgment is affirmed.